IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
<u>GREENBELT DIVISION</u>

| | |
|---|---|
| IN RE: ) | |
| ) | |
| GREGORY LEE PLOWDEN ) | Case No.: 24-15539-MEC |
| ) | |
| Debtor ) | Chapter 13 |
| ) | |
| ALLY BANK ) | |
| ) | |
| Movant ) | |
| ) | |
| vs. ) | |
| ) | |
| GREGORY LEE PLOWDEN ) | |
| ) | |
| and ) | |
| ) | |
| DONNA PLOWDEN ) | |
| ) | |
| Respondent(s) ) | |
| ) | |

## MOTION FOR RELIEF FROM AUTOMATIC STAY AND CO-DEBTOR STAY

**COMES NOW,** Ally Bank ("Movant"), complaining of Gregory Lee Plowden ("Debtor") and DONNA PLOWDEN ("Codebtor"), and files this Motion for Relief from Stay and Co-Debtor Stay, and alleges as follows:

1. This United States Bankruptcy Court for the District of Maryland has jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 157 and 1334 and 11 U.S.C. § 362. This is a core proceeding within the meaning of 28 U.S.C. §§ 157(b)(2)(A), (G), and (O).

2. On July 01, 2024, Debtor filed a voluntary bankruptcy petition under Chapter 13 of Title 11 of the United States Code.

3. Movant holds a security interest in the vehicle of Debtor and Codebtor identified as a 2015 Ford Taurus Sedan 4D SEL 3.5L V6, V.I.N # 1FAHP2E8XFG103876 (the "Collateral"). Copies of Retail Installment Contract and proof of the Notice of Security Interest are attached as Exhibits "A" and "B", respectively.

4. As of filing of the Motion, Debtor and Codebtor owe a contract balance to Movant of

$17,158.34.

5. The monthly payments are $467.54, due on the 5th day of each month.

6. Debtor and Co-debtor are in default in payments post petition under the terms of the aforementioned Contract in the sum of $2,526.78, and the pre-petition arrears of $1,636.37 amount as of January 29, 2025. A copy of the Payment History is attached as Exhibit "D".

7. The vehicle's wholesale value is $6,025.00, as shown by the valuation attached hereto as Exhibit "C".

8. On December 20, 2023 Movant repossessed the Collateral.

9. On information and belief, Debtor and Codebtor may not have the Collateral insured with full coverage insurance listing Movant as loss payee. Movant demands proof of and maintenance of full coverage insurance of the Collateral showing Movant as a loss payee.

10. Cause to lift the stay exists because Movant's interest in the Collateral is not adequately protected pursuant to 11 U.S.C. § 362(d)(1). Movant has not been provided proof of insurance and the value of Collateral continues to decline.

11. Cause to lift the stay exists under 11 U.S.C. § 362(d)(1) because Debtor and Codebtor have defaulted on payments owed to Movant and the collateral continues to depreciate in value.

12. Further cause exists to lift the stay because Debtor and Codebtor have no equity in the Collateral and the Collateral is not necessary for an effective reorganization pursuant to 11 U.S.C. §362(d)(2).

13. Continuation of the automatic stay pursuant to 11 U.S.C. § 362(a) will work real and irreparable harm to Movant and may deprive Movant of the adequate protection to which it is entitled under 11 U.S.C. §§ 361 and/or 362.

14. Movant asks the Court to waive the 14-day stay under Rule 4001(a)(3) for any order granting relief from the automatic stay because there is no equity in the Collateral and the value of Collateral continues to depreciate.

15. Movant further asks the Court to lift any stay created under 11 U.S.C. § 1301(a), commonly known as the Codebtor stay, on the same terms and conditions as to the Debtor.

16. Movant hereby consents to the continuation of the automatic stay until a hearing is held on the merits of this motion and hereby waives its right to a hearing within thirty (30) days of the date of this motion as provided by Section 362(e)(1) of the Bankruptcy Code.

WHEREFORE, Movant asks the Court to enter an order granting relief from the automatic stay imposed pursuant to 11 U.S.C. § 362 and under §1301(a) and waiving the 14-day stay of such order under Rule 4001(a)(3). In the event that the Court fails to terminate the automatic stay, Movant asks the Court to enter an order adequately protecting Movant's interest in the Collateral. Movant also asks that any order granted under this motion shall remain in effect in the event that this case is converted to another bankruptcy chapter. Movant asks for such other and further relief to which it is justly entitled.

Respectfully submitted:

*/s/ Michael J. Klima, Jr.*
MICHAEL J. KLIMA, JR. #25562
8028 Ritchie Highway, Ste. 300
Pasadena, MD 21122
(410) 768-2280
JKlima@KPDLawgroup.com
Attorney for Ally Bank

**CERTIFICATION OF SERVICE**

I hereby certify that on the 31st day of January, 2025, I reviewed the Court's CM/ECF system and it reports that an electronic copy of the Motion for Relief from Automatic Stay and the Co-debtor Stay will be served electronically by the Court's CM/ECF system on the following:

Timothy P. Branigan, Chapter 13 Trustee
James R. Logan , Attorney for Debtor

I hereby further certify that on the 31st day of January, 2025, a copy of the Motion for Relief from Automatic Stay and the Co-debtor Stay was also mailed first class mail, postage prepaid to:

Gregory Lee Plowden
12406 Turtle Dove Place
Waldorf, MD 20602

DONNA PLOWDEN
12406 TURTLE DOVE PLACE
WALDORF, MD 20602

James R. Logan
2419 Maryland Avenue
Baltimore, MD 21218

Timothy P. Branigan
9891 Broken Land Parkway, Suite 301
Columbia, MD 21046
cmecf@chapter13maryland.com

/s/ Michael J. Klima, Jr.
MICHAEL J. KLIMA, JR. #25562
8028 Ritchie Highway, Ste. 300
Pasadena, MD 21122
(410) 768-2280
JKlima@KPDLawgroup.com
Attorney for Ally Bank